# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHARMUS DARCEL EVANS,**

    **Plaintiff,**

    v.                                        **CASE NO. 25-3156-JWL**

**JOHNSON COUNTY DISTRICT**
**ATTORNEY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Glynn County Adult Detention Center in Brunswick, Georgia. The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 7.) Plaintiff's claims are related to the purported theft of his online identity while he resided in Kansas.

The Court entered a Memorandum and Order to Show Cause (Doc. 9; "MOSC") directing Plaintiff to show cause by November 16, 2025, why this matter should not be dismissed for failure to state a claim. The deadline to respond was extended to December 16, 2025, on Plaintiff's motion. Plaintiff has filed an interlocutory appeal (Doc. 14), two motions (Docs. 12 and 13), and attempted to file an illegible proposed second amended complaint (Doc. 18), but he has not filed a response to the MOSC as of the date of this Order.

The MOSC described Plaintiff's Complaint (Doc. 1) and Amended Complaint ("AC"; Doc. 8) as being based on the purported theft of Plaintiff's online identity. (Doc. 9, at 1.) Plaintiff brought three (3) counts in the AC, and the Court found that none of them stated a claim upon

which relief may be granted.  In addition, most of the fifty (50) defendants were subject to dismissal as immune or because they were not state actors.

In Doc. 12, Plaintiff asks to amend or supplement his AC.  He states in the motion that after the filing of his AC, new evidence came to light regarding "July 7, 2021 when Kansas state prosecutor deprived or denied Plaintiff his First Amendment . . . rights when committing 'criminal acts' of 'entrapment' by falsifying state documents, files and records against Plaintiff when he were wrongfully sent to state prison."  (Doc. 12, at 1.)  It seems that Plaintiff wants to supplement his AC with a new claim or factual allegations.

Plaintiff's motion to amend is denied.  Plaintiff has already filed one amended complaint (Doc. 8) and therefore must have leave of court to file another.  Fed. R. Civ. P. 15(a)(2).  Refusing leave to amend is generally justified only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The matter is left to the Court's discretion.  *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The Court denies leave based on futility.  Nothing in Plaintiff's proposed amendment cures the deficiencies noted in the MOSC or shows good cause why his claims should not be dismissed for failure to state a claim.  Moreover, the motion attempts to add a claim that would be untimely.

The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.  (Doc. 9, at 14.)  Plaintiff has not filed a response to the MOSC as of the date of this Order.  Consequently, for the reasons explained in the MOSC,

Plaintiff's AC is dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to amend (Doc. 12) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of summons (Doc. 13) is **denied** as moot.

**IT IS FURTHER ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted

**IT IS SO ORDERED**.

**Dated January 16, 2026, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**