FILED
U.S. District Court
District of Kansas
02/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARMUS DARCEL EVANS,

    **Plaintiff,**

    v.                          CASE NO. 25-3156-JWL

JOHNSON COUNTY DISTRICT
ATTORNEY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Glynn County Adult Detention Center in Brunswick, Georgia. The Court granted Plaintiff leave to proceed in forma pauperis. On November 16, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff filed an interlocutory appeal (Doc. 14), two motions (Docs. 12 and 13), and attempted to file an illegible proposed second amended complaint (Doc. 18). The Court found that none of Plaintiff's filings cured the deficiencies noted in the MOSC, and the Court entered a Memorandum and Order dismissing this case on January 16, 2026. ("M&O," Doc. 19.) Then, the Court received another proposed second amended complaint (Doc. 22) from Plaintiff on January 26, 2026. The Court examined the filing and found that Plaintiff had already been denied leave to file his second amended complaint based on futility, and that the matter remained closed. (Doc. 23.)

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 26) filed on February 10, 2026. Because Plaintiff's motion was filed within 28 days after the entry of the order of dismissal, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his request for reconsideration, Plaintiff argues that he was "in compliance" because he submitted supplemental information of nearly 44 pages. (Doc. 26, at 1.) Plaintiff seems to be

referring to his proposed second amended complaint (Doc. 22). As mentioned above, the Court reviewed Plaintiff's filing and found Plaintiff had been denied leave to file a second amended complaint based on futility, and that the matter remained closed. *See* Doc. 23.

Plaintiff continues to ignore the bases for dismissal explained in the MOSC. He does not point to an intervening change in the law or to new evidence and has not demonstrated clear error or manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). *See Servants of the Paraclete*, 204 F.3d at 1012.

In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its January 16, 2026 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc 26) is **denied.**

**IT IS SO ORDERED**.

**Dated February 11, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**