FILED
U.S. District Court
District of Kansas
03/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHARMUS DARCEL EVANS,**

    **Plaintiff,**

v.                                      CASE NO. 25-3156-JWL

**JOHNSON COUNTY DISTRICT
ATTORNEY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brought this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Glynn County Adult Detention Center in Brunswick, Georgia. The Court granted Plaintiff leave to proceed in forma pauperis. On January 16, 2026, the Court entered a Memorandum and Order (Doc. 19) dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Amend his complaint (Doc. 30) with a proposed second amended complaint attached.

In the Memorandum and Order dismissing this case, the Court also denied Plaintiff's motion (Doc. 12) seeking to alter his amended complaint or to file a second amended complaint. The Court found that Plaintiff had already filed one amended complaint (Doc. 8) and therefore needed leave of court to file another. Fed. R. Civ. P. 15(a)(2). Refusing leave to amend is generally justified only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The matter is left to the Court's discretion.

*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court denied leave based on futility, finding that nothing in Plaintiff's proposed amendment cured the deficiencies noted in the show cause order (Doc. 9) or demonstrated why his claims should not be dismissed for failure to state a claim. The Court further found that the second amended complaint attempted to add a claim that would be untimely.

Plaintiff's latest proposed amended complaint again describes the alleged theft of his identity that he asserts occurred while he was in Johnson County, Kansas. The proposed amended complaint also describes some of his life as a homeless person attempting to keep warm in a Midwest winter and expresses frustration with his current detention in Georgia due to his inability to post bond.

Plaintiff describes his claim as denial of his "First, Fifth, Eighth Amendment United States constitutional civil rights when Defendant(s), State of Kansas, Johnson County Dist. Attorney(s), state prosecutor(s) among others names known and unknown violated the below criminal acts listed under the color of state and governing laws." (Doc. 30, at 27.) Count I asserts identity theft and identity fraud. *Id*. at 31. The remaining counts are labeled "stalking," "criminal theft," and "entrapment." *Id*. at 32. Plaintiff names as defendants the State of Kansas, the Kansas Attorney General, the Johnson County District Attorney, the manager of the City of Olathe Police Department, unknown employees of the downtown Olathe Public Library, the manager of a Quiktrip convenience store, the manager of a Walmart Supercenter, and the manager of the Olathe Postal Service. *Id*. at 27- 42. Plaintiff seeks compensatory and punitive damages. *Id*. at 43.

Plaintiff does not explain how these defendants engaged in identity theft, stalking, or entrapment or, more importantly for a § 1983 action, how they violated his constitutional rights.

3

Because this matter is closed and because the proposed amended complaint does not cure the deficiencies previously noted by the Court or state a claim under 42 U.S.C. § 1983, Plaintiff's motion is denied and the second amended complaint is of no effect. Moreover, Plaintiff is hereby notified that future filings in this closed case may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend (Doc. 30) is **denied**.

**IT IS FURTHER ORDERED** that this matter remains closed.

**IT IS SO ORDERED**.

**Dated March 2, 2026, in Kansas City, Kansas.**

                                      <u>S/ John W. Lungstrum</u>
                                      JOHN W. LUNGSTRUM
                                      UNITED STATES DISTRICT JUDGE